**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LORENZO LARON JONES, AKA Low Down,

Plaintiff - Appellant,

v.

EDMONDS, U.S. Attorney; et al.,

Defendants - Appellees.

No. 25-6358

D.C. No.
3:24-cv-00239-JR
District of Oregon,
Portland

ORDER

Before: SILVERMAN, PAEZ, and H.A. THOMAS, Circuit Judges.

Appellant did not file a notice of appeal within 60 days after the district court judgment entered on May 17, 2024, or the post-judgment order denying appellant's motion to set aside the judgment entered on July 2, 2024. *See* 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1)(B), (c). Appellant filed a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6), served on October 31, 2024, and filed in the district court on November 7, 2024. On September 12, 2025, the magistrate judge entered an order granting an extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(5) until October 14, 2025. The September 12, 2025 order did not address the request for relief under Federal Rule of Appellate Procedure 4(a)(6). Appellant's notice of appeal was dated September 29, 2025, and filed in the district court on October 6, 2025.

All parties, including unserved defendants, must consent for jurisdiction to vest with the magistrate judge under 28 U.S.C. § 636(c)(1)). *See Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) (all parties, including unserved defendants, must consent for jurisdiction to vest with the magistrate judge under 28 U.S.C. § 636(c)(1)). The magistrate judge therefore lacked authority to enter a dispositive post-judgment order granting an extension of time to appeal. *See* 28 U.S.C. § 636(b)(1)(A); *Columbia Record Productions v. Hot Wax Records, Inc*., 966 F.2d 515, 516-17 (9th Cir. 1992) (holding that absent consent, a federal magistrate judge lacked authority to render a post-judgment decision that has a dispositive effect on the parties); *see also In re U.S. Dep't of Educ.*, 25 F.4th 692, 699 (9th Cir. 2022) ("To determine whether a motion is dispositive," and may not be decided by a magistrate judge under § 636(b)(1)(A), "we look to whether the effect of the motion is to deny the ultimate relief sought or foreclose a defense of a party.").

The September 12, 2025 magistrate order is vacated. This case is remanded to the district court for further proceedings on appellant's motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). *See Allen v. Meyer*, 755 F.3d 866, 869 (9th Cir. 2014) (remanding to the district court where magistrate judge entered judgment absent consent of the parties); *see also Branch v. Umphenour*, 936 F.3d 994, 1006-07 (9th Cir. 2019).

25-6358

All pending motions are denied as moot.

**VACATED and REMANDED.**